ANDRÉS OJEDA, Plaintiff and Appellee, *v.* F. GAVILÁN, ETC., Defendant and Appellant.

No. 6496. Argued February 15, 1934.—Decided March 26, 1934.

*López de Tord & Zayas Pizarro* for appellant. *E. Rincón Plumey* and *E. del Toro Fernández* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The complaint in this action to recover from the defendant the sum of $9,929.51, with costs, expenses, and attorney's fees, was filed on June 10, 1933, in the District Court of San Juan.

Five days later the defendant appeared and stated to the court that on the same day that the complaint was filed, the plaintiff obtained an order to secure the effectiveness of the judgment, by virtue of which a house belonging to the defendant was attached, and he asked that said attachment be set aside and that the corresponding bond be fixed. The plaintiff acquiesced conditionally and the court ordered that

the attachment be vacated as requested upon the furnishing of a bond for an amount equivalent to that claimed in the complaint.

On June 20, 1933, the defendant moved for a change of venue to the District Court of Ponce because it was in Ponce that he resided, did business, and had his main office. He invoked sections 81 and 82 of the Code of Civil Procedure. The motion appears verified by Elías López who is neither the defendant nor his attorney.

On page 18 of the transcript the following is found:

"AFFIDAVIT OF MERITS.—Comes now Donald R. Dexter, attorney for the defendant, and having been duly sworn states: that he is of age, an attorney at law, and a resident of San Juan, Puerto Rico; that on June 20, 1933, he filed a motion for a change of venue and in connection with that motion the defendant has set forth the case fully and faithfully to his attorney; that the defendant has a good and substantial defense on the merits to the complaint of the plaintiff, as he is advised by his attorney, and as he really believes is true; and that the attorney who is testifying makes this affidavit because this is a legal question and the defendant resides outside of the district, in Ponce, P. R.—San Juan, Puerto Rico, June 30, 1933. —(Sgd.) Donald R. Dexter, attorney for the defendant.—Sworn to and subscribed before me by Donald R. Dexter, this 30th day of June, 1933, to me personally known, at San Juan, Puerto Rico.— (Sgd.) Héctor González Blanes, Clerk of the District Court.—Served with copy this 30th day of June, 1933.—(Sgd.) Enrique Rincón, attorney for plaintiff."

On page 19 there appear certain demurrers to the complaint dated July 3, 1933, which were served on the attorney for the plaintiff on the same date.

On page 20 there appears a motion to strike dated and served on the attorney for the plaintiff on June 30, 1933.

And on page 21 and the following pages is an "amended motion for change of venue" dated July 3, 1933, and sworn to by the defendant in person in Ponce on July 1, 1933, and an order of the court on September 18, 1933, approving the stipulation of the parties submitting to its consideration and decision the motion for change of venue which it finally

decided eight days later. In its decision the court narrates what had transpired up to that time, and ends as follows:

"From the foregoing it clearly appears that when the defendant filed his amended motion for change of venue on July 3, 1933, he had already appeared and had submitted to the jurisdiction and competency of the Court. Sections 77 and 82 of the Code of Civil Procedure; *U. S. Casualty Co.,* v. *Méndez,* 38 P.R.R. 895; *Busó* v. *Borinquen Sugar Co.,* 19 P.R.R. 337."

In the case of *U. S. Casualty Co.* v. *Méndez,* 38 P.R.R. 895, cited by the court, the following, copied from the syllabus, was decided:

"A defendant who comes into court to have his attached goods released waives his right to insist on a change of venue when the motion therefor is filed later."

If this rule were applicable, the submission of the defendant could not be disputed, but it is not applicable because it was subsequently provided by the legislator in 1933, in amending section 77 of the Code of Civil Procedure, that:

"Section 77.—The submission shall be understood to be made:
" *        *        *        *        *        *        *

"3. By the defendant when, after he appears of record, he takes any step other than to request that the trial be held in the proper court, *or that the attachment decreed be suspended or lifted; . . .*"
Laws of 1933, p. 212. Italics ours.

The amendment was in force when the motion for change of venue was decided. It is true that it was not in force at the time the vacation of the attachment was requested, but that is unimportant because we are dealing with a rule of procedure, which became immediately applicable, according to the doctrine established in the cases of *Roman Catholic Apostolic Church in Porto Rico* v. *People,* 7 P.R.R. 348; *Cintrón et al.* v. *Banco Territorial y Agrícola,* 15 P.R.R. 495; *Brenes* v. *Hartman & Co.,* 17 P.R.R. 568; and *Arbona Bros.* v. *H. C. Christianson & Co.,* 26 P.R.R. 250.

The other case on which the District Court of San Juan bases its decision, *Busó* v. *Borinquen Sugar Co.,* 19 P.R.R. 337, has been expressly overruled as to the point in controversy—when and how the change of.venue should be requested —by that of *Manescau* v. *District Court,* 46 P.R.R. 132.

The rule applicable is that laid down in the case of *Ramos* v. *Lloveras,* 36 P.R.R. 616, to wit:

"If the words 'at the time he answers or demurs' are construed in accordance with the spirit and purpose of the provision now under consideration to mean 'at or before the time he answers or demurs,' then the conclusion reached by the California Code commissioner is a matter of small importance. But the use of the words 'appears and' contained in the previous enactment was and is significant as indicating the thought uppermost in the minds of the earlier legislators, however awkwardly expressed, to wit, the time of a defendant's first appearance, whether by answer, demurrer or otherwise. None of the cases cited militate against the idea of a time limit and waiver as the underlying principle of the statutory restriction upon a defendant's right, otherwise absolute, to a change of the place of trial, and most of the decisions in so far as they point in either direction tend to sustain that theory."

Applying that rule to the facts of this case, we find that the first step taken by the defendant which may be considered for the purposes of the change of venue, was to request the same on June 20, 1933, by means of a motion the verification of which, it may be admitted, was not sufficient.

The second step, on June 30, 1933, was to file a motion to strike and an affidavit of merits which was sufficient to support the motion for change of venue.

Thus it may well be maintained that the step begun on June 20, 1933, was completed in proper form ten days later upon the filing of the affidavit of merits and the motion to strike. Between June 20 and June 30 the defendant took no step which might involve his submission to the District Court of San Juan. The claiming of the right to a change of venue by reason of his residence was, then, his first step in the liti-

gation and was accompanied, upon being perfected, by a motion to strike.

Therefore, without the necessity of considering the "Amended motion for change of venue" filed on the following July 3rd accompanied by certain demurrers to the complaint, the right of the defendant to a change of venue clearly appears from his first motion and the court should have so recognized it.

In his brief the plaintiff maintains that the competency of the District Court of San Juan is evident if consideration is given to the provisions of section 78 of the Code of Civil Procedure, to wit:

"Section 78.—The legal residence of merchants, in all that relates to commercial acts and contracts and the consequences thereof, shall be the town where their principal place of business is located.

"Persons who have commercial establishments situated in different judicial districts, may be sued in personal actions at their principal place of business, or where the obligation was incurred, at the election of the plaintiff."

And it is evident, he alleges, because the defendant had another establishment in San Juan and it was in San Juan that he had incurred the obligation to the plaintiff.

The provision invoked is of Spanish origin. It is equivalent to section 65 of the old Law of Civil Procedure. In order to decide whether or not it is applicable as maintained by the plaintiff, it is necessary to examine the complaint. In the latter the defendant is described as a "property owner, resident of Ponce, P. R., and engaged in a business which is carried on under the name of F. Gavilán & Co.," and it is also said that "said defendant, also doing business under the name of F. Gavilán & Co., has another commercial establishment in this city of San Juan at number 9 Tanca Street for the purchase and sale of steel furniture and office supplies." There is then alleged the contract made between the plaintiff and defendant by virtue of which the plaintiff became the manager of the San Juan establishment on a salary and

commissions which contract was later renewed and amplified by another which is inserted into the complaint and begins as follows:

"On this date, and according to the financial statement made of the branch of F. Gavilán & Co., located at number 9 Tanca Street, San Juan, Puerto Rico, and of which Mr. Andrés Ojeda ceases to be manager, new books are opened at the instance of both parties (F. Gavilán and Andrés Ojeda) in order that the said Andrés Ojeda may continue the same business at the said branch in San Juan, P. R., under the following new conditions:—1.—The main office of F. Gavilán & Co., in Ponce. . . ."

The amount claimed is the consequence of the breach of contract attributed to the defendant by the plaintiff.

Nowhere in the complaint does it appear where the parties obligated themselves upon making the first contract. The contract copied in the complaint is dated and signed in Ponce by both parties. It is not alleged that any express provision was made as to the court to which conflicts and claims that might arise should be submitted.

Thus, since it is not shown that the defendant incurred the obligation in San Juan, the deduction to be drawn from the complaint itself being rather that he obligated himself in Ponce, there is no choice, and he must be sued at his legal residence which is in Ponce because that city is the center of his commercial operations and the location of his main establishment.

This is not a case of a person who made a contract in San Juan with the branch of F. Gavilán & Co. and who had to bring an action against F. Gavilán & Co. Here the plaintiff contracted in Ponce to become the manager of the business in San Juan, and therefore Ponce was the place where the contract was made and in which both parties obligated themselves.

The question is interesting and we have been obliged to consider it on our own motion since it was not considered by

the district court, nor discussed by the appellant, and the appellee confined himself to raising it on the basis of the applicability of the last part of section 78 of the Code of Civil Procedure. Manresa, in his commentaries on the Law of Civil Procedure, says nothing in particular about section 65, and the decisions of the Supreme Court of Spain interpreting it which we have consulted did not bear cases similar to the instant case.

For the reasons stated, the order appealed from is reversed and the case remanded to the District Court of San Juan for removal to the District Court of Ponce.

Mr. Justice Wolf and Mr. Justice Aldrey dissented.